PETER FERGUSON v. DOCTOR M. WASHER.

*Replevin for goods taken on execution—Exemptions—Neglect to make inventory.*

If one who brings replevin against a constable for goods taken on an execution against him, is not in a situation to claim that they are exempt from levy, he cannot recover them or escape judgment for the amount called for by the execution, on the ground that the constable has neglected to make an inventory.

Error to Lapeer.  Submitted Oct. 10.  Decided Oct. 31.

REPLEVIN.  Plaintiff brings error.  Affirmed.

*S. B. Gaskill* for appellant.  On making levy an inventory and appraisal must be made so as to give the execution debtor an opportunity to select exempt property: *Elliott v. Whitmore* 5 Mich. 532; *Wyckoff v. Wyllis* 8 Mich. 48; *Ostrander v. Packer* 35 Mich. 430; *Town v. Elmore* 38 Mich. 305; *Vanderhorst v. Bacon* 38 Mich. 669; *Bayne v. Patterson* 40 Mich. 658; *Michels v. Stork* 44 Mich. 2.

*R. L. & T. C. Taylor* for appellee.  If on making levy the officer determines that the goods are not adapted to the execution debtor's business and are not kept by him for use therein, he need not allow an exemption: *O'Donnell v. Segar* 25 Mich. 367; *Goozen v. Phillips* 49 Mich. 7.

GRAVES, C. J.  The defendant was a constable and held an execution against the plaintiff which he levied on a wagon and a set of bob-sleighs.  The plaintiff sued in replevin before a justice of the peace and retook the property and the action went by appeal to the circuit court.  The jury found for the defendant to the amount of the execution, and the plaintiff alleged exceptions to the charge.  It seems that the defendant failed to make an inventory and appraisal, and whatever question there may be in the case arises out of this omission.  Aside from this there is no basis for objection.

The following request was made : " It was the duty of the officer levying upon this property, it being a species of exempt property, to make an inventory and appraisal and give the judgment debtor, this defendant, an opportunity to select therefrom the property exempt ; and inasmuch as he did not make an inventory or appraisal and the defendant had no opportunity to select what he claimed as exempt property, the plaintiff is entitled to a verdict in his favor." This request it will be seen proceeded on the ground that in case any property is taken on execution which belongs to a class or kind that is exempt to a specified amount, and no inventory and appraisal are made of the whole of such property belonging to the execution debtor, the latter may for that reason at once take it by replevin from the officer and hold it, although it be admitted that the defendant's *status* is not such as to entitle him to any exemption.   The circuit judge declined to give this request, but he charged fully and fairly on the question of exemption, and under the instructions the jury must have found that the plaintiff's *status* was not such as to cause the property to be exempt in his favor.   If he was not in a situation to claim any exemption he was not in a situation to recover the chattels and escape a judgment for the amount called for by the execution. There was no case for a selection of anything as exempt and the question in regard to inventory and appraisal was of no importance.

The plaintiff's case failed on its being settled that he had no right of exemption.

I think no error was committed and that the judgment should be affirmed with costs.

The other Justices concurred.